WALACZ *v.* KUCHARSKI.

1. TRIAL—AMENDMENT—ADJOURNMENT.
   Where declaration was amended without objection by 'defendants, there was no error in adjourning case until next day in order that plaintiff might secure additional witnesses to prove allegations in amendment.

2. ANIMALS—DOG BITE—WEIGHT OF EVIDENCE.
   In action for injuries inflicted on nine-year old girl by dog bite, verdict for plaintiff, *held*, not against great weight of evidence.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted January 6, 1932. (Docket No. 59, Calendar No. 36,171.) Decided March 2, 1932.

Case by Bernice Walacz, by next friend, against Ladislaus Kucharski and another for personal injuries resulting from a dog bite. Verdict and judgment for plaintiff. Defendant Gardecki appeals. Affirmed.

*Clarence P. Milligan* (*Samuel D. Frankel,* of counsel), for plaintiff.

*John H. Dohrman,* for defendant Gardecki.

SHARPE, J.  On August 7, 1928, the infant plaintiff, a little girl, then 9 years of age, was bitten in her leg by a dog owned by the defendants.  The injury proved serious, resulting in her confinement in a hospital for several weeks, in continued lameness, and in a large scar upon her leg. This action was brought by her mother, as her next friend, to recover

the damages due to such injury. She had verdict and judgment for $3,000, of which defendant Stanislaus Gardecki seeks review by appeal.

During the progress of the trial, plaintiff's attorney asked, and was granted, permission to amend the declaration. On the court's pressing counsel for defendants as to any objection on his part to such amendment, he answered, "There is no objection on my part." Plaintiff's counsel thereupon asked that the trial be adjourned until the next day in order that he might secure additional witnesses to prove the allegations in the amendment. This request was granted over the objection of defendants' counsel. The errors assigned on such action are without merit. *Cornell* v. *Fidler,* 194 Mich. 509.

The meritorious question presented on the appeal is whether the verdict was against the great weight of the evidence. This question was raised on defendants' motion for a new trial. In denying it, the trial court said:

"Upon this proposition the court finds that there was more than a scintilla of evidence to support the plaintiff's claim, and irrespective of whether or not the court deems the verdict of the jury wise, still under the circumstances of the case as above stated, the jury were authorized and empowered to render the verdict that they did under the evidence; and after reflection the court is convinced that the defendants' rights were safeguarded in the charge to the jury, and that no legal ground exists for granting a new trial."

The little girl testified that she was bitten by the dog when upon the sidewalk, and passing defendants' yard. Three witnesses, called by the defendants, testified that she was bitten when in the yard in which the dog was confined. It does not appear

that these witnesses, one of whom was the wife of one of the defendants, were entirely disinterested. The force of their testimony was much weakened by their cross-examination.

This court has many times declined to overrule the judgment of the trial court upon this question. The issue presented in this respect was carefully submitted to the jury. They believed the testimony of the little girl. We have read the record with care, and must decline to reverse the order of the court in refusing to grant a new trial for this reason.

The judgment is affirmed.

Clark, C. J., and McDonald, Potter, North, Fead, Wiest, and Butzel, JJ., concurred.